UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION
www.moed.uscourts.gov

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 2, et al., | ) ) ) |
| Plaintiff(s), | ) ) |
| vs. | ) Case No. 4:11-CV-0078 NAB ) |
| PARK-MARK, INC., | ) ) |
| Defendant(s). | ) |

## **MEMORANDUM AND ORDER**

Plaintiffs Painter's District Council No. 2, et al., (Plaintiffs) filed this ERISA action against Defendant Park Mark, Inc. (Defendant) for delinquent fringe benefit contributions and violations of the collective bargaining agreement (CBA). The parties consented to jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

This case was dismissed on October 10, 2011 after the parties filed a Stipulation of Dismissal [Doc. #18]. The stipulation provided that the case would be dismissed without prejudice pursuant to the terms of a Promissory Note and Rule 41(A)(ii) F.R.Civ.P. The dismissal stated that the plaintiffs would have the right to reopen in the event that the Defendant defaults under the Promissory Note.

The Promissory Note required Defendant to submit weekly report forms and contributions as required under the CBA. The parties also executed a Consent Judgment and attached it to the Promissory Note. The Promissory Note states, "in the even Contractor defaults on any of its obligations under this Agreement, Contractor agrees that the Fund may immediately file the Consent Judgment…"

On May 1, 2012, Plaintiffs filed a Motion to Reopen Case and Enter Consent Judgment. [Doc. #20] Defendant has not responded to Plaintiffs' Motion.  In support of the Motion, Plaintiffs contend that Defendant defaulted on its obligations under the Promissory Note. Plaintiffs claim that since February 26, 2012, Defendant has failed to submit reports and/or contributions. Therefore, Plaintiffs allege that Defendant is delinquent on its current fringe benefit obligations to Plaintiffs. In addition, Plaintiffs claim that defendant failed to submit its Promissory Note payments for March and April 2012. Due to the failure to comply with the terms of the Promissory Note, Plaintiffs contend Defendant is now in default and they seek relief as provided in the Promissory Note.

Plaintiffs are requesting that the Court reopen this case and that the Court enter the parties' Consent Judgment as provided for in the Promissory Note.  Plaintiffs also seek leave to provide additional proof of the elements of damage set out in the Consent Judgment.

The Supreme Court in *Kokkonen v. Guardian Life Ins. Co. of America* 511 U.S. 375 (1994) allows a District Court to retain jurisdiction to enforce a settlement agreement where: 1) the dismissal order requires the parties' compliance with the settlement contract; 2) the court retains jurisdiction to enforce the settlement;  or 3) the settlement agreement is embodied in the dismissal order by agreement of the parties. *Kokkonen* at 381.

The parties in this case, incorporated the terms of the Promissory Note in the Stipulation for Dismissal.  In addition, they dismissed the case without prejudice with the right to reopen in the event of default.  The Promissory Note also provided that a Consent Judgment could be filed upon a default.  Pursuant to the terms of the Stipulation for Dismissal, and the authority set forth in *Kokkonen,* this Court will reopen the case and enter the the Consent Judgment.

**ACCORDINGLY,**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reopen Case and Enter Consent Judgment [Doc. #20]  is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiffs are GRANTED leave to provide additional proof of the elements of damage set out in the Consent Judgment.

Dated this 18th day of June, 2012.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE